IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABELINO C. DURAN, JR.,

    Plaintiff,

vs.                                                   No. 00cv0699 BB/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Duran's) Motion to Reverse and Remand Administrative Decision, filed December 8, 2000. The Commissioner of Social Security issued a final decision denying Duran' application for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion to remand is not well taken and recommends that it be DENIED.

Duran, now forty-seven years old, filed his applications for disability insurance benefits and supplemental security income on March 25, 1997, alleging disability since September 12, 1996, due to diabetes and high blood pressure. He has a high school education, one year of college and past relevant work as a baker, a cashier, and a parts salesman. The Commissioner denied Duran' application for disability insurance benefits and supplemental security income both

---

[1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

initially and on reconsideration. On March 25, 1999, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Duran had "a severe impairment of his endocrine body systems" but did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1. Tr. 13, 15. The ALJ found Duran's chest pain, back sprain, and hypertension were not severe impairments. Tr. 14, 15. The ALJ also found Duran' subjective complaints were not credible. Tr. 16. The ALJ further found Duran retained the residual functional capacity (RFC) to perform a reduced range of medium work. Tr. 16. Duran filed a Request for Review of the decision by the Appeals Council. On March 13, 2000, the Appeals Council denied Duran's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Duran seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing

42 U.S.C. §423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f) and 416.920 (a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Duran argues the ALJ failed to consider the effects of his uncontrolled diabetes on his RFC.  In his Decision, the ALJ found Duran had "required treatment for diabetes for an extended period. But, treatment [was] characterized by a failure on the claimant's part to comply with recognized effective medical treatment principles." Tr. 16.  Duran admits he "has not always taken his medication, tested his blood sugar level, or followed a diabetic diet as prescribed by his doctors." Pl.'s Mem. in Supp. of Mot. to Remand at 4.  Duran also admits his diabetes in not controlled. *Id.*  A review of the record indicates Duran does not adhere to his prescribed treatment.  Tr. 150, 152, 162, 164, 177, 178, 181, 185, 221-23, 225, 236, 238, 263.  However, Duran argues that nothing in the record indicates that if he had

fully complied he would have more functional capacity and be able to work.[2]

Failure to follow a prescribed course of treatment, without good reason is grounds for denial of disability benefits, 20 C.F.R. § 416.930(b), and can be the basis for discrediting claimant's subjective complaints. *See Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, before the Commissioner denies disability benefits for failure to follow a prescribed course of treatment, four requirements must be met: (1) the treatment at issue should be expected to restore the claimant's ability to work; (2) the treatment must have been prescribed; (3) the treatment must have been refused; and (4) the refusal must have been without justifiable excuse. *Pacheco v. Sullivan*, 931 F.2d 695, 697-98 (10th Cir. 1991). Examples of a good reason for not following treatment are: (1) the specific medical treatment is contrary to the established teaching and tenets of your religion; (2) the prescribed treatment would be cataract surgery for one eye when there is an impairment of the other eye resulting in a severe loss of vision and is not subject to improvement through treatment; (3) surgery was previously performed with unsuccessful results and the same surgery is again being recommended for the same impairment; (4) the treatment because of its enormity (e.g. open heart surgery), unusual nature (e.g. organ transplant), or other reason is very risky for you; or (5) the treatment involves amputation of an extremity, or a major part of an extremity. 20 C.F.R. § 416.930(c).

In this case, the ALJ considered Duran's post onset work activity. Tr. 13, 17. The record

---

[2] Hyperglycemia (an elevated blood sugar level) is responsible for most of the long-term microvasular complications of diabetes (pheripheral neuropathy, retinopathy, nephropathy, etc.). Most microvascular complications can be delayed, prevented, or even reversed by tight glycemic control. *The Merck Manual* 168-70 (17th ed. 1999). It would stand to reason that better control of Duran's diabetes would improve his condition and make him more employable.

indicates Duran worked as a cashier at Pino's Truck Stop in Las Vegas from September 12, 1998 through December 12, 1998. Tr. 13. Duran worked forty hours a week. Duran also worked in 1997 and earned in excess of $11,000. *Id.* In his Decision, The ALJ commented he would not determine whether Duran's work activity was substantial gainful activity but would consider Duran's work activity on the issue of his ability to work. *Id.* In addition, the ALJ considered the fact that none of Duran's physicians reported he was unable to work. Tr. 17. The ALJ also relied on vocational expert testimony that Duran was capable of performing a medium range of work reduced slightly by postural and environmental limitations (due to diabetic peripheral neuropathy) and on the RFCs submitted by Dr. Paula Lane and Dr. Nancy Nickerson, both non-examining agency physicians. Substantial evidence supports the ALJ's RFC determination.

## **RECOMMENDED DISPOSITION**

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Duran' Motion to Reverse and Remand Administrative decision, filed December 8, 2000, should be denied and this case dismissed.

_____
**JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.